LEWIS PURVIS v. STATE OF NEBRASKA.

FILED JULY 6, 1928. No. 26322.

*J. E. Willits*, for plaintiff in error.

*O. S. Spillman, Attorney General*, and *Lloyd Dort, contra.*

Heard before GOSS, C. J., DEAN, GOOD and EBERLY, JJ., and CHASE, REDICK and WHEELER, District Judges.

DEAN, J.

Lewis Purvis, aged 19, defendant, was informed against, tried, and convicted in Adams county, under section 9762, Comp. St. 1922, of having "feloniously, rudely, and licentiously" cohabited with Irene Purvis, his sister, some time in January, 1927. The jury recommended leniency. Upon the motion for a new trial being overruled, the defendant was sentenced to serve a term of five years in the state reformatory. From the sentence so imposed the defendant prosecutes error.

The prosecutrix testified that when the trial was on she was 16 and was then living at Hastings with her father and her brother Lewis. Her mother had been dead about a year. On the day that the offense was committed she was attending the public school at Hastings. From her evidence in respect of the facts it appears that a week or two after the holidays, in January, 1927, she returned from school in the evening and went upstairs to her bedroom, and thence to her father's bedroom, where, she testified: "I had intercourse with him (the defendant) * * * on the

bed. Q. Kindly tell the jury what you mean when you say that you had intercourse with him. * * * A. I told you once." At this point a colloquy followed between the cross-examiner and the prosecutrix, which was doubtless intended by defendant's counsel to develop palliating facts, if possible, in behalf of the accused. We do not however, for obvious reasons, find it necessary to insert here for publication more of the details of Miss Purvis' evidence in respect of the offense charged against the defendant. We deem it sufficient to say that, in view of the evidence before us and the law applicable thereto, this motherless girl of 16 found sufficient language with which to tell the jury just what happened to her in that upper bedroom of her father's home on that afternoon in January, 1927, upon her return from school. When repeatedly interrogated in respect of the offense, she repeatedly answered, "I told you once," or she used other words of like import. But counsel makes much of the fact that this immature girl, who was debauched by an unnatural brother, as the jury found, said that she did not "know now what the meaning of sexual intercourse is." In brief, the defense insists that the prosecutrix' failure to use the statutory term, "sexual," when testifying, was insufficient with the requirements of the statute, and that the state did not therefore prove the offense. We do not agree with counsel. We conclude that before the case was ended the offense was abundantly established, and of this the record leaves no doubt. Her language satisfied both the statute and the jury.

The chief of police was night captain at Hastings when the arrest was made. He testified that, when arrested, the defendant said "he had intercourse with his sister," and that he made the statement "of his own free will." He further testified: "Q. At that same time and place did Irene Purvis make any statements? A. Yes, sir. Q. And was Lewis Purvis present when she made those statements? A. Yes, sir. Q. What, if anything, did she say? * * * A. Miss Purvis stated she had intercourse with her brother

at 144 East 5th street, Hastings, Nebraska." On the state's rebuttal this witness testified that the defendant said that he used precautionary or preventive measures with his sister at the time, and that he admitted the fact of his guilt more than once when he talked to him. There is competent evidence to establish the fact that no offer of leniency was made as an inducement to the defendant to make the incriminating statements attributed to him at any time, and that he was not placed in fear,. and that whatever statements he made were voluntary "and of his own free will." It also appears from the evidence of another. witness that the defendant, when asked if this had ever happened before, answered: "Yes; once in August."

The defendant testified in his own behalf and denied the charge. He admitted that he talked with the chief of police when he was arrested, and said: "I did'nt deny it at. first. * * * I didn't exactly tell them I done it." In his evidence he averred that the county attorney "read the law to me and told, me what I would get out of this." When .interrogated by the county attorney as to whether he was guilty, he answered: "I didn't own up to it then. * * * I didn't answer that right out." There is more evidence of like tenor that we do not find it necessary to repeat here. See 31. C. J. 384.

The defendant contends that he is not charged with the offense in the language of the statute, in that the information charges him with having "feloniously, rudely, and licentiously" committed the offense, .whereas ,the statute reads "shall lewdly and lasciviously cohabit." This assignment is without merit. An accepted authority holds that the words "lascivious". and "licentious" are synonymous. Webster's New International Dictionary. Other exceptions are taken by. counsel to the. introduction of certain of the evidence, but we .do not find that they are prejudicial to the substantial rights of the, defendant. Counsel also contends .that the. jury were not properly instructed as ,to the law· applicable .to the facts, and in support of his contention· cites *Kraus.,v. State,* .102. Neb. 690. We do ·not

think the citation is in point. And upon an examination of the instructions complained of we conclude that reversible error cannot be predicated upon the instructions submitted by the court. Nor did the court err in its refusal to give the four instructions requested by the defendant, from the fact that the substance of the instructions so tendered is incorporated in the language of those submitted to the jury of the court's own motion. Where a brother is charged, under section 9762, Comp. St. 1922, relating to incest, with having had sexual intercourse with his own sister, the weight of the evidence is for the jury, and the verdict will not be disturbed where, as in the present case, such verdict is supported by sufficient evidence.

An examination of the record convinces us that the refusal of the court to set aside the verdict and grant a new trial is clearly without error. The plea of defendant's counsel for leniency was apparently granted, in that the court imposed the minimum statutory sentence of five years, whereas the maximum sentence provided for by the act is fifteen years. In view of the facts and the law, the judgment of the district court is

AFFIRMED.